UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRI LEE JOLLY,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

CASE NO. 3:17-CV-05935-JRC

ORDER ON PLAINTIFF'S COMPLAINT

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkt. 12, 15.

      After considering and reviewing the record, the Court concludes that the ALJ did not err in his step four determination that plaintiff could return to past relevant work. The ALJ properly relied on vocational expert testimony that plaintiff's past work could be categorized under the DOT as "receptionist." The ALJ's reliance on vocational expert testimony was in accordance

with SSR 82-61, which states that if a disability claimant can perform her past work as generally performed in the national economy, a finding of "not disabled" is directed.

This Court also finds that the ALJ did not improperly reject the conclusory vocational opinion supplied by plaintiff. Finally, the ALJ did not rely on his own lay opinion, but properly relied on vocational expert testimony that plaintiff's past work was not a composite job.

Accordingly, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, TERRI LEE JOLLY, was born in 1954 and was 57 years old on the alleged disability onset date of October 15, 2011. *See* AR. 151-57, 158-63. Plaintiff graduated from high school and took some college classes. AR. 39-40. Plaintiff has work history as an administrative assistant and receptionist. AR. 41-42, 184-95. Plaintiff's last full time position ended when the organization was downsized. AR. 42.

According to the ALJ, plaintiff has at least the severe impairments of "history of right hip total replacement; left hip degenerative changes; and degenerative disc disease of the lumbar spine. (20 CFR 404.1520(c) and 416.920(c))." AR. 22.

At the time of the hearing, plaintiff was living in an apartment with her fiancé. AR. 38.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. AR. 75, 76, 77, 78. Plaintiff's requested hearing was held before Administrative

Law Judge Rudolph M. Murgo ("the ALJ") on May 11, 2016. AR. 34-58. On June 3, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. AR. 17-33.

In plaintiff's Opening Brief, plaintiff raises the following issue: "The ALJ's step 4 finding that plaintiff can return to 'past relevant work' despite her RFC is contrary to law; at a bare minimum, the ALJ erred when he relied upon his own lay analysis to reject vocational expert evidence." Dkt. 12, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**Whether the ALJ erred in his step four finding that plaintiff is not disabled because she can return to past relevant work.**

Plaintiff alleges that the ALJ erred when he found that plaintiff was not disabled because she could return past relevant work as a receptionist. Dkt. 12.

At step-four in the evaluation process, the ALJ must determine whether or not a claimant's impairment(s) prevents the claimant from doing past relevant work. *See* 20 C.F.R. § 404.1520(f). If the ALJ finds that the claimant has not shown an incapability of performing past relevant work, the claimant is not disabled for social security purposes and the evaluation process ends. *See id.* Plaintiff bears the burden to establish the inability to perform past work.

*See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *see also Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999) (footnote omitted).

In her opening brief, plaintiff sets forth three specific arguments: a.) whether the ALJ erred in not finding that plaintiff's past work was a composite job; b.) whether the ALJ erred in rejecting the vocational opinion of Ms. Santagati; and c.) whether the ALJ relied upon his own lay analysis to reject vocational evidence.

*a.) Whether the ALJ erred in finding that plaintiff's past work was not a composite job.*

In the record, plaintiff reported that she performed past work as an administrative assistant and receptionist. AR. 184. She noted that her primary responsibilities were answering phones, filing, data entry, customer service, and carrying boxes of paper. AR. 186.

SSR 82-61 gives two tests for determining whether a claimant retains the capacity to perform past relevant work. First, is whether claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it. Second, is whether claimant retains the capacity to perform the functional demands and job duties as ordinarily required by employers throughout the national economy. SSR 82-61, 1982 LEXIS SSR 31, *3.

The SSR also states that "it is understood that some individual jobs may require somewhat more or less exertion than the DOT description." *Id.* at *4. When the claimant cannot perform the excessive functional demands that are required in the past relevant work, but can perform the functional demands as generally required by employers in the national economy, the ALJ should find the claimant to be "not disabled." *Id*.

The ALJ may use either the "actually performed" test or the "generally performed" test to determine whether a claimant can perform his past relevant work. *Stacy v. Colvin*, 825 F.3d 563,

569 (9th Cir. 2016) (citing SSR 82-61, 1982 LEXIS SSR 31). Under the "actually performed" test, the ALJ evaluates a claimant's past relevant work by consulting a "properly completed vocational report" and "the claimant's own testimony" and assessing whether the claimant can perform her past job duties as she actually performed them. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). By contrast, under the "generally performed" test, the ALJ consults the Dictionary of Occupational Titles ("DOT") to determine whether the claimant can perform her past work as it is generally performed in the national economy. *Stacy*, *supra,* 825 F.3d at 569 (citing SSR 82-61, 1982 LEXIS SSR 31).

At the hearing, the ALJ consulted a vocational expert, Mr. Gaffney, to determine how to classify plaintiff's past relevant work. AR. 53. Mr. Gaffney classified plaintiff's work as "Receptionist DOT 237.367-038, sedentary, SVP 4, semiskilled." AR. 28, 53. The ALJ asked Mr. Gaffney whether plaintiff's work could be classified as a composite job. AR. 53. Mr. Gaffney stated "not necessarily," and clarified that plaintiff's position as a receptionist was at the sedentary exertional level as described in the DOT, but at the medium exertional level as performed because plaintiff was required to lift boxes of paper. AR. 52-53. Mr. Gaffney further opined that while carrying boxes of paper is not necessarily required of a receptionist, it would not be unusual. AR. 53. Therefore, the ALJ followed the guidance of SSR 82-61 in determining that plaintiff could not perform the excessive functional demands that are required in the past relevant work but could perform the functional demands as generally required by employers in the national economy. SSR 82-61, 1982 LEXIS SSR 31, *4.

Plaintiff argues that plaintiff's past work should have been classified as a composite job and that the ALJ should have proceeded to step five of the sequential analysis. Dkt. 12, p.8-9. Plaintiff further states that when past relevant work is classified as a composite job a disability

claimant must not be denied at step four unless the claimant can perform every task associated with the composite job. *Id.* A composite job contains "significant elements of two or more occupations, and as such, ha[s] no counterpart in the DOT." SSR 82-61, 1982 WL 31387, at *2; *see also,* POMS DI § 25005.020(B), available athttps://secure.ssa.gov/poms.nsf/lnx/0425005020, last visited 09/21/2018. An ALJ must evaluate a composite job "according to the particular facts of each individual case." SSR 82-61, 1982 WL 31387, at *2. Courts in this district have held that "when significant variation exists between a claimant's description of her job and the DOT description of the job, it may be the result of a composite job." *Hams v. Carolyn*, 2014 WL 4168473, at *2 (W.D. Wash. Aug. 20, 2014) (citing SSR 82-61, 1982 WL 31387).

Here, plaintiff has not established that her job was in fact a composite job. It does not appear that plaintiff's past work contained "significant elements of two or more occupations." SSR 82-61, 1982 WL 31387, at *2. The only element that could be an outlier is that plaintiff had to carry boxes of paper. However, Mr. Gaffney testified that carrying paper would not be an unusual task, generally, for a receptionist. AR. 53. At step four, plaintiff has the burden to prove that she cannot perform her past work, and she has not met that burden to prove that her past work was a composite job. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *see also Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999) (footnote omitted).

Therefore, the ALJ did not err when he determined that plaintiff could return to her past relevant work as a receptionist.

  *b.) Whether the ALJ erred in rejecting the vocational opinion of Ms. Santagati.*

Prior to the hearing plaintiff submitted her own vocational expert testimony from Ms. Santagati. AR. 243-46. Ms. Santagati opined that plaintiff's position was a "composite job more accurately described by two DOT descriptions including office clerk DOT 209.56 – 010 [sic] and

receptionist DOT 237.367 – 038." AR. 243. The ALJ gave Ms. Santagati's opinion little weight because she did not provide an adequate explanation for her opinion. AR. 28.

Plaintiff argues that this was not a sufficient reason for rejecting Ms. Santagati's opinion. Dt. 12, p. 10. The Court finds that the ALJ did not err in his determination that Ms. Santagati did not provide adequate explanation for her opinion. Ms. Santagati's opinion that plaintiff's past work is best categorized as a composite job is conclusory. Ms. Santagati explains the requirements of each position but does not explain why she believed it to be a composite job. AR. 243-244. Moreover, she does not state which requirements from plaintiff's past work correspond with the positions she cited. *Id.* The ALJ must support his conclusions with substantial evidence, and it stands to reason that the ALJ cannot rely on a conclusory vocational opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Moreover, the ALJ did inquire of vocational expert Mr. Gaffney whether plaintiff's past work was a composite job and, therefore, did not reject Ms. Santagati's opinion without consideration. AR. 53. Notably, plaintiff concedes that the ALJ is not bound by Ms. Santagati's opinion. Dkt. 12, p.10. Plaintiff also concedes that any vocational expert's conclusion is not binding upon the ALJ. *Id*. Therefore, the ALJ did not improperly reject Ms. Santagati's vocational opinion.

*c.) Whether the ALJ relied upon his own lay analysis to reject vocational evidence.*

Plaintiff also alleges that the ALJ erred when he rejected rebuttal vocational evidence based on his own lay evidence rather than seeking additional input from the vocational expert. Dkt. 12, p. 4. Plaintiff's argument states that plaintiff would not be able to perform her past relevant work because she is unable to lift and carry a box of paper. The ALJ stated at the hearing that at his office if a receptionist needed to move a box of paper, they would ask

someone to move it for them if they weren't capable of doing it themselves. AR. 53. However, he did not rely on his own lay opinion, but also the opinion of the vocational expert, who testified that while it would not be unusual that carrying paper could be part of a receptionist's job description, it would depend on the size of the office and the assigned job duties. AR. 53.

In sum, the ALJ did not err in finding that plaintiff was capable of returning to her past relevant work.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for **DEFENDANT** and the case should be closed.

Dated this 25th day of September, 2018.

J. Richard Creatura
United States Magistrate Judge